Mr. Nkrumah Lumumba Valier
TDCI-No. 1546714
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

December 23, 2014

To: Abel Acosta, Clerk
    Court Of Criminal Appeals
P.O. Box 12308, Capitol Station
    Austin, Texas 78711



MOTION DENIED
DATE: 2-11-15
BY: PC

Re: Trial Court Cause no. 1150625-D   WR-77,638-08

        Dear Clerk:
        Please find enclosed and file Motion for
Reconsideration for New Trial Pursuant To Fed. Rules
Cr. Proc. Rule 33, 18 U.S.C.A.

        Please bring to the attention of the Court For
Consideration. And Please notify the Applicant of ruling in this
matter.

        Thank you For any and all assistance in this
matter.

        Respectfully,
        Mr. Nkrumah Lumumba Valier

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 12 2015

Abel Acosta, Clerk

# IN THE COURT OF CRIMINAL APPEALS

NKRUMAH LUMUMBA VALIER
~~Petitioner~~ Applicant

TRIAL CAUSE NO. 1150625-A

WR - 77,638-08

v.

THE STATES OF TEXAS

## MOTIONS FOR RECONSIDERATION FOR NEW TRIAL PURSUANT TO FED.. RULES Cr. PROC. RULE 33, 18 U.S.C.A

TO THE HONORABLE JUDGE OF COURT:

COMES NOW, NKRUMAH LUMUMBA VALIER, TDCJ-No. 1546714, Applicant pro se in above-style and numbered cause of action and files this Motion For Reconsideration For New Pursuant To Fed. Rules Cr. Proc. Rule 33, 18 U.S.C.A. and would the Court the Following:

### I

Newly Discovered Evidence exhibits "A", "B" and "C" clearly established beyond a reasonable doubt that the State used perjured testimony to obtain the Applicant's conviction in cause no. 1150625. Thus violating his United States OF America Constitutional Rights under the Due Process Clause of the Fourteenth Amendment. See U.S. v. McLaughin, 89 F. Supp. 2d 617 (E.D. P.a. 2000). Government's use of perjured testimony warrnted new trial.

To grant new trial based on a government use OF perjured testimony court must be satisfied that: (1) testimony

1

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 12 2015

Abel Acosta, Clerk

given was False; (2) Jury might have reached different conclusion; and (3) party seeking new trial was supprised by False testimony and unable to meet it, or did not know of it's falsity until after trial.

Newly discovered evidence, For purpose of obtaining a new trial, must be evidence that attorney From previous trial could not have Found in time For earlier trial if he was ~~using due~~ exercising due diligence. Fed. Rules Cr. Proc. Rule 33, 18 U.S.C.A.

## II.
## False Evidence Established By Newly Discovered Evidence

The State of Texas alleged in the indictment: Nkrumah Lumumba Valier here after styled the Defendant, therefore on or about May 16, 2005, did then and there unlawfully, intentionally and knowingly cause the penetration of the Female sexual organ of Tiffany Rogers, herein after called the Complainant, without the Consent of the Complainant, namely, the Defendant compelled the Complainant to submit and participate by threatening to use violence against the Complainant, and the Complainant, believed that the Defendant had the present ability to execute the threat, and in the course of the same criminal episode the Defendant used and exhibited a deadly weapon, namely a Firearm.

No evidence ever established that the Applicant was the actual assaliant with lack of positive identification by the sole witness the Complainant: Q. Now, I believe your testimony during direct examination was that he showed you some photos; is that correct? A. Yes, sir. Q. Where basically a photo show up where they show you six pictures, ~~is to~~ on a manilla Folder; is that correct? A. That's correct. Q. All right. Then he actually showed you a photo of Mr. Valier all by himself; is that correct? A. Uh-huh. Q. Maam? A. Yes, sir. Q. Okay you basically told him you did not recognize that man. You were'nt Familar with that

man; is that correct? A. Yes, sir. (RR vol.4, pg 62 at 5/24).

The State alleged that the Applicant did not have have consent and used a weapon to force Tiffany Rogers to to participate. But Tiffany Rogers testimony established that She did give consent to the Applicant: Q. Ms. Rogers, would you agree, Ms. Rogers, that the man -- well in this, Mr. Valier you would agree, Ms. Rogers, that Mr. Valier, didn't need a gun to have sex with you because you had already agreed to have sex; is that correct? A. Yes, sir. (RR vol.4, pg. 75-76 at 21/1). Consent negates the element of crime or ~~harm~~ thawarts the harm that the law seek to prevent. See Model Penal Code § 2.11.

DNA evidence alone was Constitutionally insufficient to Convict the Applicant for the offense of aggravated sexual assault of a working prostituted. See Constitutional Law § 840.3 - proof beyond reasonable doubt - relevant evidence. 19. Evidence which has a tendency to make existance of an element of a crime slightly more probable than it would be without the evidence (that is "relevent" evidence) can not by itself, rationally support a conviction of a crime beyond a reasonable doubt, as required by due process. Jackson v. Va., 443 U.S. 307, 319 (1979).

Tiffany Rogers testimony established that the indictment information used by the State to prosecute the Applicant with is false evidence. See Napue v. Illinois, 360 U.S. 264, 269 (1959). The government may not knowingly use of false evidence unsolicited by the State.

Newly Discovered evidence exhibit "A" previously filed in habeas corpus writ cause no. 1150625, in the form of a witness affidavit with information provided by Mr. ElJohara McNeal #1587061 Clearly established: 1). The Applicant's Actual Innocence. 2). That Tiffany Rogers committed perjury in her testimony evidence about only prostituting twice in May 2005 and that she turned to prostitution to support her five kids. (RR vol.4, pg. 20-23 at 7/11).

3

3). Tiffany Rogers described the Applicant to Mr. El Johara McNeal. Told Mr. El Johara McNeal that the Applicant was a barber. Tiffany Rogers told Mr. McNeal the location of the barber shop the Applicant worked at, that was on Fondren and W. Belfort next door to where she lived. And she told Mr. McNeal the Applicant's name. So Tiffany Rogers did know who the Applicant was, but gave false information to the police, the prosecutor, the judge, the jury and the defense attorney concerning not knowing who the Applicant was when she was shown his picture by itself. Nothing in record reflect that Tiffany Roger ever identified the Applicant as the younger looking black guy she alleged sexually assaulted her at gun point on May 16, 2005. Or say that N'Krumah Valier sexually assaulted me at gun point on May 16, 2005.

Newly Discovered evidence exibit "B" was not made available until February 11, 2014 after a woman name Cordelia Rogers filed child support on the Applicant. Establishing that she is the mother of Caleb Rogers and N'Krumah Valier is the natural father. This clearly established that Cordelia Rogers and Tiffany Rogers are related. And that Tiffany Rogers gave perjured testimony when she told the jury that she is the mother of Caleb and her husband Wesley Rogers is the father. (RR vol. 4, pg. 17-18 at 4/21).

Newly Discovered evidence exhibit "C" was not made available to the Applicant until April 29, 2014. Mr. Joe Ray Alvarez #1853331 provided a witness affidavit establishing that Tiffany Rogers committed perjury in her testimony evidence. When she testified that she turned to prostitution in May 2005 to support her 5 kids. And the only times she ever prostituted her self was in May 2005 with a middle eastern man and then when she was sexually assaulted at gun point on May 16, 2005. (RR vol. 4, pg. 20-23 at 7/1). Mr. Joe Ray Alvarez will testify at trial that he is from Pasadena, Texas where he was friends with Tiffany Wilson's mother. And when he hung out with Tiffany from 1990 to 1994, that he witness her have sex with men for drugs. And that she was addicted to crack cocain and xanex bars. And her means of making money was manipulating tricks to motels for sex, then have them robbed. And he always known her to be a habitual lier.

4

No rational juror could find the Applicant guilty beyond a reasonable doubt after hearing the Newly Discovered evidence. Had this newly discovered evidence been available at time of trial the outcome of the proceeding would have been different.

The State's use of False evidence testimony prejudiced the outcome of the trial. See Napue V. Illinois, 360 U.S. 264, 269 (1959). The government may not Knowingly use of False evidence unsolicited by the State.

Constitutional Law § 840 - due process - False evidence

1). A conviction obtained through use of False evidence, Known to be such by represenatives of the State, must Fall under the 14th Amendment the same result obtains when the State, although not soliciting False evidence, allows it to go uncorrected.

2). The due process principle that a state may not Knowingly use False testimony to obtain a tainted conviction does not cease to apply merely because the False testimony goes only to the credability of the witness.

3). In applying the rule that a conviction obtained through use of False evidence known to be such by represenatives of the State and permitted by them to go uncorrected must Fall under the due process Clause of the Fourteenth Amendment, it ~~was not the result~~ immaterial that the silence of the State represenatives was not the result of guile or a desire to prejudice.

## III.

## Brady Rule Violation

The Applicant is entitled to a new trial based on the governments violation of Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d (1963). which requires the government in a criminal prosecution ~~must~~ to disclose to an accused all Favorable material evidence. Whether a Brady violation occurred is a two part inquiry. First, the prosecution must have Failed to disclose "evidence Favorable to an accused" that is relevent either to guilt or

5

or punishment.

Assistant Attorney General Melissa Hargis provided newly discovered evidence on March 19, 2014 on pages 11-12 in Civil Action No. H-13-3257 in the Respondent' Stephen's Motion For Summary Judgment and Brief in Support. This newly discovered evidence established that Judge Jan Krocker in the 184th District Court was the trial Judge of Cause no. 1150625. That Failure to disclose that information to the Applicant prior to trial effected the out come of the proceeding. As well as the Direct Appeal, the writ of habeas corpus on State level and the Applicant's Federal writ 2254 habeas corpus denying him the relief he is entitled to. Because during the proceedings the State illegally "obtained DNA evidence in violation of the law", in cause no. 1150625 on July 2005. (RR vol. 4, pg. 113 at 8/20).

That DNA evidence was later used to convict the Applicant in violation of Article 38.23 (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitutions or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. See State v. Daugherty, 931 S.W. 2d 268, 270 (Tex. Crim. App. 1996).

The Opinion of Judge Clinton of the Court of Criminal Appeals held: "We essentially called upon in this cause to decide what Article 38.23 (a) means by "evidence obtained in violation of the Law". In our view this language brooks no inevitable discovery doctrine; evidence actually "obtained in violation of law" must be excluded whether or not it might later have been "obtained" lawfully.

<u>Prayer</u>

WHEREFORE PREMISES CONSIDERED, the Applicant pro se prays that the Court GRANT Motion For Reconsideration For New Trial Pursuant To Fed. Rules Cr. Proc. Rule 33, 18 U.S.C.A.

Executed On 12-23-14

Respectfull submitted,
Nkrumah Lumumba Valier

6

## Inmate's Declaration

I, Nkrumah Lumumba Valier, TDCJ-No. 1546714, being presently incarcerated at the Dalhart Unit 11950 FM 998 Dalhart, Texas 79022, declare under penalty of perjury that the foregoing is true and correct.

Date Executed on: 12-23-14

Respectfully submitted,
Nkrumah Lumumba Valier

## Certificate of Service

I, Nkrumah Lumumba Valier, TDCJ-No. 1546714, Applicant hereby declare that a clear and correct copy of this Motion for Reconsideration for New Trial Pursuant To Fed. Rules Cr. Proc. Rule 33, 18. U.S.C.A. was sent out pre-paid postage through U.S. Postal Services to be served on Abel Acosta, Clerk Court of Criminal Appeals P.O. Box 12308, Capitol Station Austin, Texas 78711 on this the 23rd day of December, 2014.

Respectfully submitted,
Nkrumah Lumumba Valier
Nkrumah Lumumba Valier
TDCJ-No. 1546714
Applicant, Pro Se
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

7

TRIAL CAUSE NO. 1150625-D

WR-77,638-08

NKRUMAH LUMUMBA VALIER
       Applicant                    IN THE COURT OF CRIMINAL APPEALS

V.

 THE STATE OF TEXAS


## ORDER

On this day, came on to be heard the Foregoing Motion For Reconsideration For New Trial Pursuant To Fed. Rules Cr. Proc. Rule 33, 18 U.S.C.A., and it appears to the Court that the same should be:

_____ GRANTED


SIGNED on this the _____ day of _____ 2015.


_____
         PRESIDING JUDGE